**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTONIO J. ARMSTRONG,**

**Plaintiff,**

**v.** **CASE NO. 08-3185-SAC**

**SHAWNEE COUNTY JAIL, et al.,**

**Defendants.**

**O R D E R**

This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by a pretrial detainee confined in the Shawnee County jail in Topeka, Kansas. Plaintiff proceeds pro se, and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

Having considered plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner as defined by 28 U.S.C. §

1915(h),[1] the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff names two defendants in this complaint: the Shawnee County Jail and Nurse Dozier. Plaintiff sparsely states only that he has been having "really bad head pains for the last few months." In response to his request for medical attention in June 2008, he saw a nurse who provided medication, but plaintiff states the medication did not help his pain. When plaintiff asked again for medical attention, he states he was told by medical staff that he would not be seen again because his condition had been addressed. On the face of this record, the court finds the complaint is subject to being dismissed because the limited information provided, even when liberally construed and presumed as true, is insufficient to state a plausible claim for relief under 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court first finds the Shawnee County jail is not a "person acting under color state law" or an entity subject to being sued,

---

[1]28 U.S.C. § 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

and thus should be summarily dismissed from the complaint. *See e.g.*, Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit").

The court next finds plaintiff's allegations against the remaining defendant nurse are insufficient to establish any deprivation of plaintiff's constitutional rights.

While a prison official's deliberate indifference to a serious medical need violates a prisoner's or pretrial detainee's constitutional rights,[2] plaintiff's bare and broad allegation of persistent head pain for which he received initial medical attention from the nurse when requested fails to state any cognizable constitutional against this remaining defendant. Plaintiff does not describe or document the extent of his head pain, nor does he detail any further attempts to seek medical assistance from this particular defendant.[3] Accordingly, plaintiff's allegations fail to provide a factual basis for objectively finding he suffered from an obvious medical condition that necessarily required greater medical attention, or for subjectively finding the defendant nurse was deliberately indifferent to a risk of substantial harm to plaintiff

---

[2]*See* Estelle v. Gamble, 429 U.S. 97,104 (1976)(prison officials violate the Eighth Amendment if "their deliberate indifference to serous medical needs...constitutes the unnecessary and wanton infliction of pain"); Kikumura v. Osagie, 461 F.3d 1269, 1291 (10th Cir. 2006). *See also* Estate of Hocker by Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994)("Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment.").

[3]The court also notes that plaintiff is represented by appointed defense counsel who is in a position to seek assistance from the trial court if medical attention is needed to allow plaintiff to proceed in his criminal case.

if additional or different medical attention was not provided. *See* Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 809 (10th Cir. 1999)(deliberate indifference standard has two components that must be demonstrated; stating standards for showing both a “serious medical need” and “deliberate indifference”)(*citing* Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)).

The court thus grants plaintiff an opportunity to supplement the complaint to present a plausible claim that could satisfy these two requirements[4] to avoid summary dismissal of the complaint as stating no claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

Plaintiff’s motion for appointment of counsel is denied without

[4]Plaintiff is advised that inadvertent failure to provide adequate medical care, including the negligent diagnosis or treatment of a medical condition, does not constitute a medical wrong under the Eighth Amendment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). *See also* Smith v. Cummings, 445 F.3d 1254, 1258 (10th Cir. 2006)(a claim of negligence is not constitutionally cognizable because negligence does not constitute deliberate indifference). Nor does a difference of opinion between an inmate and medical staff as to the need for or adequacy of treatment "rise to the level of a constitutional violation." Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). Additionally, delay in obtaining medical care violates a prisoner’s constitutional rights only if the prisoner can show the delay caused him substantial physical harm. Garrett v. Stratman, 254 F.3d 946, 960 (10th Cir. 2001).

prejudice to plaintiff renewing this request if this action is not dismissed pursuant to the deficiencies identified by the court upon initial screening.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted pursuant to 28 U.S.C. § 1915(b)(4), with payment of the $350.00 district court filing fee to be collected as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to supplement the complaint to avoid dismissal of the complaint as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED: This 26th day of August 2008 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge