```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**ANTONIO J. ARMSTRONG,**

                      **Plaintiff,**

       v.                                    CASE NO. 08-3185-SAC

**SHAWNEE COUNTY JAIL, et al.,**

                      **Defendants.**

## O R D E R

Plaintiff, a pretrial detainee in the Shawnee County jail in Topeka, Kansas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983.  Plaintiff states he has been suffering bad head pain for several months, for which medical staff at the jail is providing inadequate treatment.  The two defendants named in the complaint are the Shawnee County Jail and Nurse Dozier.

By an order dated August 26, 2008, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.  The court first noted the county jail was not an entity subject to suit.  Second, the court found plaintiff's allegations against Nurse Dozier failed to provide a factual basis for objectively finding plaintiff suffered from an obvious medical condition that necessarily required greater medical attention, or for subjectively finding this defendant was deliberately indifferent to a risk of substantial harm to plaintiff if additional or different medical attention was not provided. *See* Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 809 (10th Cir. 1999)(stating standards for showing both a "serious medical need" and "deliberate indifference")(*citing* Wilson v. Seiter, 501 U.S. 294, 298-99

(1991)).

In response, plaintiff reiterates his allegations, citing continuing head pain and Nurse Dozier's refusal to consider whether plaintiff sustained further injury when he was assaulted by another prisoner at the jail in January 2008.  Plaintiff also provides copies of three medical request forms over a ten day period beginning June 24, 2008, in which he maintains he needs to see a doctor for migraine pain because his medications are not working. Nurse Dozier scheduled a sick call in response to the first request, and states in response to the next two requests that plaintiff's condition is not serious enough for a doctor's appointment.

Because plaintiff's supplemented complaint continues to reflect only disagreement with Nurse Dozier's assessment of plaintiff's medical needs, the court finds plaintiff's allegations are insufficient to demonstrate the objective and subjective components of a plausible constitutional claim of deliberate indifference by Nurse Dozier.

Accordingly, for the reasons stated herein and in the order dated August 26, 2008, the court concludes the supplemented complaint should be dismissed as stating no claim for relief against either of the named defendants.

IT IS THEREFORE ORDERED that the complaint as supplemented by plaintiff is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 21st day of October 2008 at Topeka, Kansas.

                                                         s/ Sam A. Crow
                                                         SAM A. CROW
                                                         U.S. Senior District Judge